FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/8/04
BY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| James Billy LaFleur | Civil Action No. 04-1017 |
| versus | Judge Tucker L. Melançon |
| Law Offices of Anthony G. Buzbee, et al | Magistrate Judge Methvin |

## MEMORANDUM ORDER

Before the Court is plaintiff's, James Billy LaFleur, Motion To Remand [Rec. Doc. 16]. This action was removed from the 16th Judicial District Court for the Parish of St. Mary on May 6, 2004 pursuant to defendants', Anthony G. Buzbee and the Buzbee Law Firm, P.C. "Buzbee Law Firm", notice of removal on the grounds that plaintiff fraudulently joined the non-diverse defendants, Ramsey Jones and Clarence Jones, as the law does not afford a cause of action against these defendants. *R. 3.* Plaintiff denies defendants' allegations of fraudulent joinder and requests the Court remand this action on the basis that remand is proper under 28 U.S.C. § 1447 as the Court lacks subject matter jurisdiction.

### I. Background

The present action arises out of plaintiff's representation for personal injuries in relation to a marine casualty which occurred on March 19, 2002. Plaintiff came to be represented by defendants Busbee Law and the law firm of Stern, Miller & Higdon "Stern Law Firm." Defendants also represented plaintiff in his workers' compensation claim under the Longshore and Harborworkers' Compensation Act ("LHWCA") against his employer, Wilkinson Technologies, and its insurer, Louisiana Workers Compensation Corporation. Plaintiff alleges that the Buzbee

Law Firm and the Stern Law Firm settled plaintiff's tort claim and allowed plaintiff to sign a receipt and release giving up his claims against the third party defendant in the action without prior written approval from the LWCC.[1] Plaintiff further alleges that defendants Ramsey Jones and Clarence Jones ("Jones defendants") were the case-runners of Stern Law and were active in managing certain aspects of plaintiff's case and perpetuating the attorney-client relationship by acting as agents and/or representatives on behalf of Stern Law and Buzbee Law. Plaintiff contends the Jones defendants were paid thousands of dollars to bring in his case and were paid exorbitant fees to transfer plaintiff to his medical appointments. Plaintiff alleges he suffered damages as a result of the legal malpractice and negligence of defendants as well as the fault of the Jones defendants.

## II. Analysis

Defendants, Buzbee and the Buzbee Law Firm, oppose plaintiff's motion to remand asserting that the removal of this action was based on the fraudulent joinder of the Jones defendants.

### 1. Motion To Remand

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. Plaintiff contends that because the Jones defendants and the plaintiff are citizens of Louisiana, there is an absence of complete diversity of citizenship and thus no subject

---

[1] Under 33 U.S.C. § 933(g) of the LHWCA, plaintiff's workers' compensation claim is completely extinguished. Plaintiff represents that his future compensation claim was worth over $500,000.00 in indemnity benefits.

2

matter jurisdiction. Defendants maintain that removal of this case was proper and that a remand is not warranted because plaintiff has no cause of action against the Jones defendants.

To prove that a non-diverse defendant was not properly joined in this case, "the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in plaintiff's pleadings of jurisdictional facts." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Burden v. General Dynamics*, 60 F.3d 213, 216 (5th Cir. 1995).

"In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751. Moreover, "claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible. Although the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff." *Id.*
The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit: "[T]he removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action

3

against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (1981). The burden upon the party claiming "fraudulent joinder" is indeed a heavy one: "The district court must ... evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* Fraudulent joinder is established only if "there is no possibility of a valid cause of action being set forth against the in-state defendant(s)." *Id.* In other words, "if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts." *Id.* at 549-50 (citations omitted) (emphasis added). *See also Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997) ( "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so. The question, then, is simply whether the defendant can show that no possibility exists that the plaintiffs have stated a claim against [the defendant].") (citing *Burden v. General Dynamics, Corp.*, 60 F.3d 213, 216 (5th Cir.1995)); *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir.1997); *Sid Richardson Carbon &*

4

*Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996).

Defendants argue that plaintiff's state court petition fails to demonstrate how the alleged "case running" activities of the Jones defendants "has any palpable connection with the controversy at hand, i.e. whether his attorneys 'were professionally negligent in settling his claims . . . without the proper authority'", and therefore, "plaintiff has no reasonable possibility against the [Jones] Defendants under any theory of law." *R. 19.* Defendants contend that "even if there were some chance of recovery against the alleged "case runners," the causes of action asserted against them have no logical relation to the claim of malpractice at issue in this case. . . ." *Id.* Defendants also argue that plaintiff has failed to demonstrate the existence of a personal duty owed by the Jones defendants. Defendants contend that as "laypersons" the Jones defendants owed no duty to plaintiff to refrain from soliciting him to hire counsel or prevent counsel from committing legal malpractice.

While plaintiff alleges in his state court pleading that his action is related to legal malpractice, he also alleges "other acts of negligence committed by the named defendants." *R. 1, ¶ II.* Plaintiff asserts that the Jones defendants made false and/or misleading statements to him in order to induce him to sign an agreement with defendant Stern and the Stern Law Firm. In particular, plaintiff alleges that the Jones defendants, while acting as agents of defendants, committed acts of fault in causing him to become represented by defendants by exercising "undue influence and interference" upon him. *R. 1, ¶¶ XVI & XVII.* Under

5

Louisiana law, an agent may be personally liable for damages caused by intentional or negligent misrepresentations which he knows or should know to be false. *McCollum v. Harbor View Townhouses, Inc.*, 428 So. 28 846 (La. Ct.App. 5th Cir.1983)(citing *Guidry v. Barras*, 368 So.2d 1129 (La.App. 3d Cir.1979))("While no direct assertion is made that [the defendant] made negligent or intentional misrepresentations, the simple allegation that he made misrepresentations at all is sufficient in our view to raise the legal issue of whether his conduct renders him liable personally in tort, even though acting as an agent of the corporation."). Similarly, under Texas law, an agent may be liable for his torts even if he acts on command of principal. Restatement (Second) of Agency § 343; *Williams v. Olivo*, 912 S.W.2d 319 (Tex.App.San.Antonio,1995). An agent is liable to a third person if, under the law of negligence, he is charged with duty toward that person, even though his conduct is omission rather than commission, nonfeasance rather than misfeasance. *S. H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex.Civ.App.Beaumont,1952). Thus, the Court finds that defendants have failed to establish that the Jones defendants were fraudulently joined based on their assertions that plaintiff's only claim is one of legal malpractice and that plaintiff has no recovery against the Jones defendants as mere "laypersons."

In his motion to remand, plaintiff asserts the following theories of recovery against the Jones defendants: (1) violation of the Texas Deceptive Trade Practices - Consumer Protection Act, V.T.C.A., Bus. &C. § 17.41, *et seq.*; (2) Texas common law fraud claim; (3) Texas civil conspiracy; (4) Louisiana Unfair Trade

6

Practices and consumer protection law, LSA-R.S. 51:1401, *et seq;* (5) Louisiana fraud law, LA Civil Code Art. 1953; and (6) Louisiana Civil Conspiracy, LA Civil Code Art. 2324.[2] Defendants assert that plaintiff's theories and claims should not be considered because they are not set forth in his state court complaint. While the federal court considers the claims in the state court petition as they existed at the time of removal; "any ambiguities in the state court petition are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). La. C.C. art.1953 defines fraud as "a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party to cause a loss or inconvenience to the other." For an act to constitute fraud, it must be calculated to produce a misleading effect. *McCoy v. City of Monroe 32,521*, 747 So.2d 1234, (La.App.2d Cir.12/8/99). The elements of a cause of action for fraud under Texas law are: (1) the defendant made a material representation that was false; (2) it knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) it intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, *577 (Tex.2001). As indicated in the foregoing, plaintiff's state court pleading alleges

---

[2] It is undisputed that either Texas or Louisiana law is controlling in this case. The parties have not placed the choice of law analysis before the Court.

that the Jones defendants were acting as "agents" of defendants and committed acts of fault in causing him to become represented by defendants by exercising "undue influence and interference" upon him. *R. 1, ¶¶ XVI & XVII*. If the Jones defendant encouraged plaintiff to become represented by the law firm for which they were agents with the intent to obtain an unjust advantage or to cause plaintiff a lesser recovery, then their actions may have been fraudulent. *See Jones v. Honeywell Int. Inc.*, 295 F.Supp.2d 652, 672, (M.D.La., 2003). As these are disputed issues of material fact to be resolved by the fact finder, the Court cannot rule out the possibility of plaintiff's recovery in state court.

Defendants also assert that plaintiff has failed to plead his claims of fraud and misrepresentation with sufficient particularity, and therefore, the Court cannot consider these claims. This argument fails to persuade the Court to dismiss the Jones defendants from this action. Plaintiff may simply amend his complaint to plead his fraud claims more specifically. *See, Jones v. Life Ins. Co. of Georgia*, 2004 WL 2137350, *4 (S.D.Miss.).

Nor have defendants demonstrated that plaintiff has no possibility of recovery under the remaining claims submitted by plaintiff. Defendants assert that plaintiff has no cause of action against the Jones defendants under the Texas Deceptive Trade Practices Act or the Louisiana Unfair Trade Practices and Consumer Protection Law because plaintiff is not a "consumer" of the Jones defendants' services. Defendants further assert that plaintiff cannot recover under Texas and Louisiana civil conspiracy laws on the basis that there is no underlying

8

tort. As with plaintiff's claims under fraud, these claims also involve disputed issues of material fact to be resolved by the fact finder.

As the Court finds that defendants have failed to carry their burden that plaintiff fraudulently joined the Jones defendants in this case,

IT IS ORDERED that plaintiff's Motion to Remand [Rec. Doc. 16] is GRANTED, and this matter is hereby REMANDED to the Sixteenth Judicial District Court for the Parish of St. Mary from which it was removed.

Thus done and signed this 7th day of October, 2004 at Lafayette, Louisiana.

Tucker L. Melançon<br>
United States District Judge

COPY SENT
DATE 10/8/04
BY
TO